Mr. Rodas. Good morning, Your Honor. I represent the appellant in this case, and I'd like to have some time at the end for rebuttal. Your Honor, what distinguishes this case from all the cases cited by the government is that this was a summary judgment proceeding. All the other cases of Hendricks, Wong, Garcia involved regular individual hearings before an immigration judge where triable issues were decided, were presented to the judge, and the judge evaluated the evidence, the testimony of the witnesses, and rendered their decision. Counsel, I'm sorry. I thought that what's on appeal before us is an appeal for the denial of a 60B2 motion. So we are not dealing with the underlying decision, I thought. We're dealing with whether he actually submitted new evidence, undiscoverable before, new evidence that might seriously affect the decision. Is that correct? Yes, Your Honor, and I'd like to address that point, if I may. Just to bring the point that in a summary judgment proceeding, there are at least two issues that distinguish it from the other cases, and that is that the issue is whether there's a triable issue of material fact and whether the evidence presented by the opposing party is viewed in the light most favorable to the opposing party. Now, when the Fed ---- The following up on Judge Fernandez's question, the question isn't before us is whether the district court abused its discretion in denying the motion for reconsideration based on, quote, newly discovered evidence, close quote. Is that right? Let me address that issue then directly. When the superior court in Alameda County granted the nullity based on the fact that the Respondent's wife's siblings had misrepresented the fact that the marriage was going to be recorded or not recorded, rather, when that decree by the superior court was rendered, that was new evidence that now brought into question whether the defendant materially, I mean, willfully misrepresented his marital status at the time he became an immigrant and at the time he applied for naturalization. Why is that evidence of anything? These people marched into the district court with a stipulation that she engaged in fraud against him, not that her siblings did, but that she engaged in fraud. A stipulation. They walk in on one day and the same day the district court just signs an order. Fine. If you say that's true, then I annul it. Why is that any evidence at all? First of all, it's Respondent and her siblings, not Respondent and not her siblings, but Respondent and her siblings is what the court. Correct. But she said to the superior court that she engaged in the fraud. Now, what she said in proceedings in the federal courts is that only her siblings did. But never mind that. They march in with a stipulation. She wasn't represented by counsel. They're both represented by the same counsel. Sign a stipulation. Guess what? We committed fraud against him. Superior court signs it off. Doesn't have a hearing. Nothing. Just signs off an order. Why is that evidence that should have anything to do with the summary judgment proceeding? Your Honor, the question is, once there is now evidence, I mean, what we're doing here is evaluating whether a superior court judge of the State of California was correct in issuing the nullity. The fact of the matter is there was a nullity order based on the issue, based on the fact that there was a misrepresentation and the defendant was not aware that the marriage was going to be recorded, therefore, that it was going to be a valid marriage. Didn't Mr. Suarez tell immigration officials when his wife was attempting to immigrate that he had failed to disclose this information for fear it would result in the rejection of his initial visa? I don't believe that that was the case in this. Certainly, the facts don't show that. Because the problem is that those issues were not presented. Again, this is a summary judgment proceeding. And the question is the scienter ---- The government found out about this when she applied, right? Right. Because she said, yeah, we were married, we were married back in the Philippines, and we've got three kids. No. According to the declaration she filed, she said that the ---- her siblings did not represent ---- I mean, the siblings had misrepresented two ---- We're talking about two different things. When she applied for resident alien status after he was here and filled out ---- accurately filled out the information and told the government that they were in fact married and had children, wasn't Mr. Suarez then asked why he had not revealed this information before? I don't have that information. The information in terms of, again, looking at the light most favorable, because we're talking about the summary judgment proceeding. And we're talking about now that there was evidence that the marriage upon which the court found in favor of the government, now that that marriage was nullified, does that now bring the issue before the trier of fact in order to evaluate all the evidence to bring in the issues? The government has said that there were no unusual circumstances in this case. We submit that the ---- what distinguishes this case from Hendricks is that in Hendricks and all of ---- and cases like that, the defendants were aware they were married when they obtained their immigrant visa when they applied for naturalization. But he even lied about having children, didn't he? Yes, Your Honor. He did lie about having children, did he not? Yes, Your Honor. And whether ---- And he lied about that because he was afraid they would find out he was married. That may be a factor if this case went to trial. The judge may consider those factors in rendering a decision. What I'm suggesting, Your Honor, is that if we were to apply the standard in summary judgment, that is, in light of this new evidence that there is a nullity. I understand. But to get summary judgment, the answer isn't whether there's just a scintilla of evidence of some sort on the other side. The question is whether the evidence placed before the court could permit a reasonable trier of fact to find in favor of the side that's being moved against. So it is not irrelevant to ask, you know, what kind of evidence is this compared to everything else? Because if it's just a piece of persiflage, then summary judgment can go against him anyway. And we don't ---- it doesn't have to be tried. Is that not true? Yes, Your Honor. Okay. And if I may submit, there's a question about whether not telling the truth about having the children, whether that is a material to the issue. In other words, if he had children but he was not legally married, he would still  I know that. So there is a question about whether his failure to disclose not having the marriage is material to whether he would have obtained the immigrant visa or the naturalization. Those are, I submit, Your Honor, issues that a trier of fact in a trial evaluating all the evidence presented by all the parties may evaluate whether that is a material misrepresentation or whether it is not material to the issue of whether he would have obtained his immigrant visa in the first place and his naturalization. I think we understand your argument. You want to save a little bit of time for rebuttal? Yes. And you can use the time to pick up your pen there. Thank you. No from the government at this time. Thank you, Your Honor. Please the Court, Barry Pettinato appearing on behalf of the United States. Just to point out, actually, in the record where The same section as Ms. Lightbody? Excuse me. Yes, the Office of Immigration and Litigation, yes. She gets to argue three or four cases and you only get one. Well, truth be told, I offered to take Ms. Lightbody's second case today. She wanted to make a second day appearance for you, so I'm off the hook. The Court was asking about where in the record in the excerpts of page 44 in my motion I represented the government in the district court case. In my motion for summary judgment, I point out to the district court in the sworn statement where, in fact, on November 5, 1998, Mr. Suarez, in fact, said, quote 102 of the record. It's in the excerpts of records. I have it at page 44, but you may have it actually in the handwritten thing. Yes, yes. I didn't disclose the children. Exactly. Because I would be denied. Right. He, in fact, did say, quote, he did not declare his children when he appealed when he applied for immigration status and naturalization, quote, because he was worried that his application would be denied. That was the reason why he was Throughout the naturalization proceedings, he failed to disclose not only the existence of this 1983 marriage to Marcello, but also the existence of these children. And the significance of that in terms of why it's material is because it certainly cut off the line of inquiry that the INS could have pursued. But as the Court correctly notes Can I ask just a technical question here? Certainly, Your Honor. When he entered the United States as the unmarried son of LPR Right. In 1991 If he had disclosed that he had children, would that have been a bar? It wouldn't have been a bar, Your Honor. But what it would have done would have caused If the INS had known that at the time that they were interviewing him on the immigrant visa, it would have caused them to question whether, in fact, he was married and ineligible. And, in fact, if the INS In my motion for summary judgment, I include the birth certificates of the two children that he had prior to the time that he immigrated. And, in fact, when you look at those, they reference this 1983 marriage. It says the date and place of the marriage which legitimates the children. And, in fact, it refers back. So the INS would have, in fact, discovered that this marriage took place had he disclosed it. But as the Court is well aware, the only issue that's in front of this Court is whether the district judge abused his discretion in denying the 60B motion. So all issues about whether there was a genuine issue of fact regarding this motion for summary judgment is not before this Court for review. In fact, Judge Walker, essentially, when you look at his order, he really only did two things. One, notwithstanding this new annulment, which he, in fact, really questions whether it's new evidence given that it's a stipulation between the defendant and his former wife. But he was also he had remarried her, so his current wife. But was this annulment obtained in time relative to the summary judgment grant? It was 20 days in between. The district judge's decision was on, let's see. The 60B motion was denied on August. The question is, and I probably complicated it. Was the annulment before or after the summary judgment grant? It was after, 20 days after. Essentially, so the new evidence was 20 days after the judge had granted summary judgment, and so in essence, it was beyond the 10 days in order to stop the running of the time for filing the summary judgment under FRAP Rule 4A. So there he gets 10 days, and if he files new evidence within 10 days, it stops the running. But in this case, it was 20 days after. So that's why the motion for summary judgment is not before this Court. Notwithstanding, it's also very clear from the notice of appeal. The only issue he's appealing is the district judge's denial of the motion to reopen. Not to reopen, but the 60B. The judgment of annulment itself was August 27th. Right. The judge signed his order August the 7th. Right, 20 days. But the document on which the judgment of annulment was based, the stipulation for the order, was all signed before the judge ever signed a summary judgment order, right? It was signed on June 28th, actually, in early July. That's when the stipulation was signed. That's when they signed the stipulation, right? I believe so. Was that stipulation put before the district court? No, it wasn't, Your Honor. Okay. Thanks. So in terms of whether Judge Walker abused his discretion, in order for this Court to find that he had, there would have to be the Court would have to find a clear error of judgment in his conclusions. And simply what Judge Walker did was wide-apply the Hendricks case to the annulment essentially, which stands for the point which this Court has said, a court need not give retroactive effect to an annulment if the sole purpose is to do an end-run around immigration fraud, essentially. How do you know that, though? I mean, the things that sort of disturb me about these cases, and we've had a few of them, and granted relief in one and denied in a few others, is that basically you're accusing the State courts of being a party to fraud, aren't you? I mean, you're saying that either they're duped or they're a party to fraud because obviously this annulment was a sham, right? I'm not casting any aspersions upon the State, but I think as Judge Hornan ---- We're not talking about this case or anything else, but, I mean, essentially And Hendricks seems to imply that, too, that the reason we're not going to give full faith and credit, if you will, to these judgments is that we think that people are doing this just to avoid immigration laws. But in order to reach that conclusion, it seems to me, you have to say, well, the State courts are being a party to fraud. Well, I don't think the Court ---- I don't think you have to go quite that far, Your Honor, but as Judge Fernandez points out, you can see this was simply done on a one-page stipulation signed by the Court on the very same day. No, I understand that. In the case in which we granted relief, the State courts had actually done quite a bit of work on the case. But there's ---- and that may be different from this case. But on the other hand, so what if it's a stipulation? The Court still has to act on it. And so we're basically saying, well, State courts, that was fraudulent and you should have known it, and therefore we're not going to consider it as a matter of Federal  Well, whether it's fraudulent or not, Your Honor, I don't think really matters, because essentially Hendricks is based on really sound policy that the courts are not going to give any sort of retroactive effect unless there's unusual circumstances to these sorts of cases, where for an immigrant to be able to cure some sort of fraud. Now, in this case, we're talking about fraud that occurred 12 years ---- I mean, this entry, that was in 1991. He obtained this annulment in 2003. So some 12 years afterwards, he decides to file the stipulation. Essentially, it's just to cure this immigration fraud that he's been caught up in. I mean, this ---- Hendricks controls this case. This panel is bound by Hendricks, absent some ---- unless the Court could find unusual circumstances in this case. And as Judge Walker correctly found in his decision, that issue was never raised before the district court, notwithstanding that I raised the issue in my opposition to the 60B motion that Hendricks controlled and that there had been no finding of unusual ---- no showing of unusual circumstances. In this case, the defendant didn't even reply to the opposition, where he clearly could have had the opportunity to raise the issue of unusual circumstances and did not. So Judge Walker was correct when he said the issue is not before me as to unusual circumstances. The Court can't consider it. That issue has been waived, was waived because it wasn't exhausted in front of the district court. So essentially, Judge Walker only did two things. He correctly applied Hendricks, as he was required to do, and he found that there was no issue of unusual circumstances before him. So given those two things that he did, there's absolutely no abuse of discretion on his part in his ---- in his decision in denying the 60B motion. I think we've got your argument well in hand. We'll hear from Mr. Otis in rebuttal at this time. Otis. Thank you, Your Honor. Hi. The documents presented by the government, I believe, on page 102, as well as page 104, all support the position that they believe it was a ceremony wedding, not a real marriage. And I believe that the defendant, as well as the wife who talked about the fact that it was a ceremony wedding. Is it your position that disclosure of the children that the couple had, whether they were lawfully married or not, was not material to his initial entry? It's my position that it is not a bar to being able to obtain. It wasn't my question. I understand. Whether it was ---- whether it would have affected or not, that would be a matter of speculation. I think in a trial where a judge had the opportunity to evaluate the evidence to consider all of those issues, a court might find that it was material or might find that it was not material. What was before the judge in court in this case was, was there any tribal issue of material fact before him at the time of the summary judgment? And when the new evidence came in, and I'd just like to point out, Your Honor, it's not a matter of that they simply went to court with a stipulation and that was signed by the judge. I'd like to point to, in page 119, there was a declaration that the petitioner filed with the court that went into exhaustive detail about the circumstances regarding the marriage and that ceremony, and that the court had to view this and review this before the actual hearing on ---- before signing the order for the stipulation. So it is improper, and it would be an insult to the Superior Court of the State of California to say that they would simply sign an order stipulated by the parties. They're very strict about the conditions in which analogy would be granted, and they had the declaration of the petitioner and the facts before it was the basis upon which that point was raised. I'd like to also raise a case. Over your time, if you could wind up. Yes. Petrucci is an issue that we cited where the ---- an Italian immigrant thought his wife ---- that he was divorced because his wife had been unfaithful and had been guilty of infanticide. So when he applied and he said he was divorced, the court found there was no willful misrepresentation because he believed that he was, in fact, divorced. We submit that this situation where he believed it was a ceremony wedding, that it was not a real wedding, is in light with that, and it is for a judge at a trial to determine what is material, what is not material, evaluate the evidence, and that's what we ask for. Thank you. Thank you for your argument. Thank both sides for their argument. The case just argued will be submitted, and we'll proceed to the last case on this morning's argument calendar, which is United States against MAC. If counsel are present, you can come forward.
judges: Fernandez, Hawkins, Thomas